UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10454-GAO

KENNETH TAYLOR,
Petitioner,

v.

THOMAS E. DICKHAUT,
Respondent.

OPINION AND ORDER
January 3, 2011

O'TOOLE, D.J.

The petitioner, Kenneth Taylor, together with Joseph Cooper, Antwan Burton, and Natasha Nelson, plotted to rob 216 Court Street, Brockton, Massachusetts. A resident of that home was shot and killed during the robbery. At trial, Cooper and Nelson testified that Taylor fired the fatal shots. A jury convicted Taylor of deliberately premeditated murder and armed home invasion. The Massachusetts Supreme Judicial Court ("SJC") affirmed his conviction on direct appeal. Commonwealth v. Taylor, 916 N.E.2d 1000 (Mass. 2009). Taylor, raising four grounds for relief, now petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## I.  Procedural Defaults: Grounds I and III

The respondent argues that two grounds raised by Taylor, Grounds I and III, are procedurally defaulted. In Ground I, Taylor claims that the prosecutor violated his due process rights under the Fourteenth Amendment by misstating evidence in the closing argument. In Ground III, Taylor claims that he was denied his rights under the Sixth and Fourteenth

---

[1] A complete summary of the evidence adduced at trial can be found in the SJC's opinion. See Taylor, 916 N.E.2d at 1002-04.

Amendments to confront and cross-examine a pathologist who did not testify at trial, but whose autopsy report was quoted by the pathologist who did testify at trial.

Generally, federal habeas review is precluded by a procedural default. Coleman v. Thompson, 501 U.S. 722, 729 (1991); accord Burks v. Dubois, 55 F.3d 712, 716 (1st Cir. 1995). Under the "independent and adequate state ground" doctrine, a federal court will not review any federal issues that a state court has declined to consider because the petitioner had failed to comply with a firmly established and regularly applied state procedural rule. See Brewer v. Marshall, 119 F.3d 993, 999, 1001 (1st Cir. 1997). Here, the SJC declined to review the merits of Taylor's claims now set forth in Grounds I and III, reviewing them only for a substantial likelihood of a miscarriage of justice, because trial counsel did not make a contemporaneous objection to the prosecutor's closing argument or the pathologist's testimony. Taylor, 916 N.E.2d at 1005, 1008. A decision, based on a "defendant's failure to object at trial, is an independent and adequate ground for decision so long as the state court consistently applies its contemporaneous objection rule and has not waived it in the particular case by basing the decision on some other ground." Horton v. Allen, 370 F.3d 75, 80-81 (1st Cir. 2004). The SJC consistently enforces its contemporaneous objection rule, id. at 81, and its review for a substantial miscarriage of justice "does not work a waiver of the contemporaneous objection requirement," id.. Grounds I and III are properly considered to have been procedurally defaulted.

Procedural defaults can be excused, and federal habeas review obtained, if a petitioner shows cause for the default and actual prejudice or that the failure to consider a claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); accord Burks, 55 F.3d at 716. Taylor makes no attempt at all to excuse his procedural default of Ground III and no genuine attempt to excuse his procedural default of Ground I.

With respect to Ground I, Taylor contends that trial counsel rendered ineffective assistance by failing to object to the prosecutor's closing argument. It is unclear whether this argument is an attempt to excuse his procedural default, see Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007) (recognizing that ineffective assistance of counsel can be cause for a procedural default), or an independent ground for habeas relief. If the former, the procedural default nevertheless cannot be excused because Taylor has not established actual prejudice flowing from the prosecutor's closing argument. See Derman v. United States, 298 F.3d 34, 46 (1st Cir. 2002) ("The showing of prejudice needed to cure a procedural default generally requires a habeas petitioner to demonstrate that there is a reasonable probability that the result of the trial would have been different absent the error.") (internal citation omitted). If the latter, the ground cannot be considered because it was not asserted in the petition.

Taylor also makes a passing reference to a fundamental miscarriage of justice resulting from the prosecutor's closing argument. To the extent this argument attempts to excuse the procedural default under the miscarriage of justice standard, it lacks merit. The miscarriage of justice standard requires a showing of "actual innocence," Gunter v. Maloney, 291 F.3d 74, 93 (1st Cir. 2002), which is lacking here.

Because Taylor's procedural defaults cannot be excused, Grounds I and III cannot be considered by the Court.

**II.    Merits: Grounds II and IV**

    A.    Standard of Review

Grounds II and IV must be evaluated under the standard of review established in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d). Under that standard, a court may not grant habeas relief unless the state-court decision "was contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. § 2254(d)(1). A state-court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state-court decision involves an "unreasonable application" of clearly established Supreme Court precedent if "the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407.

B. Ground II

In Ground II, Taylor claims he was denied his right under the Sixth and Fourteenth Amendments to cross-examine a key witness against him, Cooper, as to bias, namely Cooper's decision not to testify at Burton's trial. Taylor asserts that this testimony would have reinforced the defense theory that Nelson, Cooper, and Burton were a close knit group, who plotted to blame him for the murder.

In Delaware v. Van Arsdall, 475 U.S. 673 (1986), the Supreme Court recognized that the Confrontation Clause of the Sixth Amendment guarantees defendants a right to cross-examine witnesses about potential bias. Id. at 678. That right, however, is not without limits. Id. at 679. Judges "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about . . . interrogation that is repetitive or only marginally relevant." Id. So long as a limitation on cross-examination serves these concerns, no constitutional violation occurs. See id.

Although the SJC did not cite Van Arsdall, its decision comports with this Supreme Court precedent. See Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam) (noting that a state court need not cite or even be aware of Supreme Court cases "so long as neither the reasoning nor the

4

result of the state-court decision contradicts them"). The SJC recognized that "the questions whether—and, if not, why—Cooper testified at Burton's trial might reveal bias," Taylor, 916 N.E.2d at 1006, but found no error in the trial judge's limitation of cross-examination because Taylor did not know why Cooper did not testify at Burton's trial, see id.. That is, cross-examination of Cooper was limited because Taylor could not proffer whether his questioning would reveal evidence of bias (i.e., that Cooper negotiated a deal not to testify at Burton's trial) as opposed to irrelevant testimony (i.e., that the Commonwealth chose not to call Cooper at Burton's trial). Precluding cross-examination that would elicit irrelevant testimony was expressly recognized in Van Arsdall as permissible under the Confrontation Clause. See 475 U.S. at 679. The SJC's decision was therefore neither "contrary to" nor an "unreasonable application" of Van Arsdall.

Ground II lacks merit.

C.      Ground IV

Ground IV claims that Taylor's trial counsel rendered ineffective assistance by failing to object to the following jury instruction:

> Now, one of the witnesses has testified that the police showed her an array containing a photo of the defendant. If you accept that testimony, you are not to draw a negative inference against the defendant because police had his photograph.
>
> Police departments collect pictures of many people from many different sources and for many different reasons, such as people who have applied for gun permits.

(Trial Tr. 66 Dec. 7, 2006.) Taylor contends that by failing to object to this instruction, trial counsel permitted the jury to infer that he had applied for a gun license lending credence to the prosecution's theory that he shot the victim.

5

Under Strickland v. Washington, 466 U.S. 668, 687-88 (1984), a petitioner claiming ineffective assistance of counsel must prove that his "counsel's representation fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." The SJC did not analyze Taylor's ineffective assistance of counsel claim under the Strickland standard, but analyzed the claim under the "substantial likelihood of a miscarriage of justice" standard mandated by Massachusetts General Laws chapter 278, § 33E in cases involving first degree murder convictions. Taylor, 916 N.E.2d at 1010-11 (citing Commonwealth v. Wright, 584 N.E.2d 621, 624 (Mass. 1992)). Because the Wright standard is more generous to a defendant than the Strickland standard, Knight v. Spencer, 447 F.3d 6, 11 (1st Cir. 2006), the SJC's decision was not "contrary to" this established federal precedent, see id. at 15.

The SJC's decision also did not involve an unreasonable application of the Strickland standard. The SJC found that the instruction did not result in a substantial likelihood of a miscarriage of justice because "it was unlikely that the jury drew the inference now claimed by [Taylor]." Taylor, 916 N.E.2d at 1011. According to the SJC, the jury did not draw the inference because they were instructed "that they must decide the case solely on the evidence;" that the evidence included only "the testimony of the witnesses as the jury recalled them, and any documentation or things received into evidence as exhibits;" and that trial judge's "instructions and anything that [she] may have said in passing during the trial are not evidence." Id. The jury is presumed to have followed these instructions. Id.

The foregoing analysis conforms to the Strickland standard. Strickland requires proof of prejudice, meaning that there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. If the jury did not make the inference claimed by Taylor, which for the reasons articulated by the

6

SJC was likely not made, then instruction could not have influenced the verdict. Put another way, no prejudice flowed from the instruction or trial counsel's failure to object to the instruction.

Ground IV therefore lacks merit.

## III. Conclusion

For the foregoing reasons, the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (dkt. no. 1) is DENIED.

## IV. Certificate of Appealability

The Court declines to issue a certificate of appealability under Rule 11(a) of the Rules Governing § 2254 Proceedings. For the reasons stated in this Opinion and Order, the Court concludes that Taylor has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge